IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Junior Gomez,<br><br>    Petitioner,<br><br>v.<br><br>Unknown Party, *et al.*,<br><br>    Respondents. | No. CV-25-03255-PHX-JJT (CDB)<br><br>**ORDER** |

At issue is the Report and Recommendation (Doc. 14, "R&R") entered by United States Magistrate Judge Camille D. Bibles recommending that the Court grant the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) and order Respondents to release Petitioner Gomez from custody under the same conditions in place before his detention or to provide him a bond redetermination hearing. In the R&R, Judge Bibles advised the parties they were "allowed fourteen (14) days from the date of service of a copy of [the R&R] within which to file specific written objections to the Court," and that failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered waiver of a party's right to de novo appellate consideration of the issues" as provided in *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). (Doc. 13 at 22-23.) It has been 20 days since entry of the R&R and no party has filed any objection. Respondents thus have waived their right to de novo appellate consideration of the issues.

The Court in any event reviews the issues raised in the Petition and Response thereto on their merits. Upon doing so, it concludes, for the reasons set forth in the R&R, that

Judge Bibles is correct and it will grant the Petition. The claims raised in this matter are by now well-studied in this Court and the undersigned will not rehash the analysis it and other members of the Court have followed repeatedly in addressing the issues here raised by yet another petitioner. For the reasons set forth comprehensively by Judge Lanza in *Echevarria v. Bondi et al.*, 25-CV-3252-PHX-DWL at Doc. 13 (D. Ariz. Oct. 3, 2025), the Court concludes that under the circumstances of Petitioner's matter, he is subject to detention determination under 8 U.S.C. § 1226(a) and its implementing regulations, not Section 1225(b), as Respondents argue. Continued detention of Petitioner without the procedures set forth in Section 1226(a) violates his right to due process.

**IT IS THEREFORE ORDERED** adopting in whole the R&R entered by Judge Bibles (Doc. 14), including its reasoning.

**IT IS FURTHER ORDERED** granting the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).

**IT IS FURTHER ORDERED** that Respondents shall release Petitioner from custody under the same conditions as he was previously released or provide him with a bond redetermination hearing within seven days of the entry of this Order. The Clerk of Court shall enter judgment accordingly and close this matter.

**IT IS FURTHER ORDERED** that Respondents shall file in the docket a Notice of Compliance within three days of such compliance.

Dated this 24th day of November, 2025.

Honorable John J. Tuchi
United States District Judge